

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-25-00193-CR
_____

JOSHUA WALKER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 364th District Court
Lubbock County, Texas
Trial Court No. DC-2022-CR-0056, Honorable William R. Eichman II, Presiding

December 17, 2025

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Appellant pleaded guilty to murder and, following a trial on punishment, was sentenced to eighty years imprisonment. Via its judgment, the trial court ordered that "[u]pon release from confinement, . . . Defendant . . . proceed without unnecessary delay to the District Clerk's office, or any other office designated by the Court or the Court's designee, to pay or to make arrangements to pay any fine, court costs, and restitution due." So too were $290.00 in court costs and $55.00 in reimbursement fees imposed by the court through its judgment. Appellant contends that the trial court erred by failing to

conduct an ability-to-pay inquiry on the record and asks that we remand the cause to the trial court to conduct said inquiry. We affirm.

### Discussion

During or immediately after imposing sentence, "a court shall inquire on the record whether the defendant has sufficient resources or income to immediately pay all or part of the fine and costs." TEX. CODE CRIM. PROC. art. 42.15(a-1); *see Stanberry v. State*, No. 07-23-00194-CR, 2024 Tex. App. LEXIS 1066, at *5 (Tex. App.—Amarillo Feb. 9, 2024, pet. ref'd) (mem. op., not designated for publication) ("Article 42.15(a-1), as amended in 2021, requires that the inquiry into a defendant's ability to immediately pay be held on the record."). Here, it does not appear that the trial court made the requisite inquiry on the record.

However, also missing from the record is any objection from appellant to the trial court's failure to make said inquiry on the record. The Article 42.15(a-1) inquiry is not fundamental to the adjudicatory process; so, it is a right forfeitable by such failure. *See Cruz v. State*, 698 S.W.3d 265, 271 (Tex. Crim. App. 2024). By failing to object here, appellant forfeited his right to the inquiry. *See Drew v. State*, No. 07-25-00079-CR, 2025 Tex. App. LEXIS 6536, at *2 (Tex. App.—Amarillo Aug. 22, 2025, no pet.) (mem. op., not designated for publication); *Sikalasinh v. State*, No. 07-24-00018-CR, 2024 Tex. App. LEXIS 7603, at *11 (Tex. App.—Amarillo Oct. 24, 2024, no pet.) (mem. op., not designated for publication).

We deny appellant's request for remand to conduct the hearing under Article 42.15(a-1) and overrule his sole issue on appeal.  We affirm the trial court's judgment of conviction.


Brian Quinn
Chief Justice


Do not publish.